**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDRE CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 20-cv-3753 |
| | ) | |
| COOK COUNTY SHERIFF THOMAS J. DART, | ) | |
| in his official capacity, DETECTIVE ELLIOT | ) | |
| REYES, DETECTIVE DEVLIN GRAY, and | ) | |
| DETECTIVE SERGEANT SAJID HAIDARI, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ANDRE CUMMINGS, by and through his attorneys, Blake W. Horwitz, Esq., and Jeffrey C. Grossich, Esq., of The Blake Horwitz Law Firm, Ltd., and complaining of the Defendants, DETECTIVE ELLIOT REYES, DETECTIVE DEVLIN GRAY, DETECTIVE SERGEANT SAJID HAIDARI (collectively, "INDIVIDUAL DEFENDANTS"), and COOK COUNTY SHERIFF THOMAS J. DART, in his official capacity, states as follows:

### I. JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b), as all or some of the parties reside in this District and the events giving rise to the claims occurred in this District.

### II. PARTIES

3. PLAINTIFF, ANDRE CUMMINGS ("PLAINTIFF"), is a resident of Illinois and a citizen of the United States.

1

4. DEFENDANT, DETECTIVE ELLIOT REYES ("DEFENDANT REYES"), was at all times material and relevant hereto employed by and acting on behalf of DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART.

5. DEFENDANT, DETECTIVE DEVLIN GRAY ("DEFENDANT GRAY"), was at all times material and relevant hereto employed by and acting on behalf of DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART.

6. DEFENDANT, DETECTIVE SERGEANT SAJID HAIDARI ("DEFENDANT HAIDARI"), was at all times material and relevant hereto employed by and acting on behalf of DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART.

7. DEFENDANT, COOK COUNTY SHERIFF THOMAS J. DART, is a duly incorporated municipal corporation. At all times material and relevant hereto, INDIVIDUAL DEFENDANTS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART.

### III. FACTS

8. On May 11, 2016, PLAINTIFF met with INDIVIDUAL DEFENDANTS at the Cook County Sheriff's Department.

9. On May 11, 2016, PLAINTIFF arrived at the Cook County Sheriff's Department at approximately 11:00 a.m.

10. At the time when PLAINTIFF arrived at the Cook County Sheriff's Department on May 11, 2016, PLAINTIFF was not under arrest.

11. After arriving at the Cook County Sheriff's Department, DEFENDANT REYES escorted PLAINTIFF to an interview room.

12. The interview room was approximately 10 feet by 12 feet and windowless.

2

13. In the interview room, there was a bench and shackle to which a suspect could be handcuffed.

14. DEFENDANT REYES locked PLAINTIFF in the interview room.

15. PLAINTIFF was at the Cook County Sheriff's Department for nearly eight hours.

16. PLAINTIFF was in a locked room at the Cook County Sheriff's Department for nearly eight hours.

17. INDIVIDUAL DEFENDANTS handcuffed PLAINTIFF.

18. While PLAINTIFF was locked in the interview room, PLAINTIFF was handcuffed.

19. While PLAINTIFF was locked in a room at the Cook County Sheriff's Department for nearly eight hours, PLAINTIFF was not free to leave.

20. PLAINTIFF was detained absent probable cause.

21. INDIVIDUAL DEFENDANTS questioned PLAINTIFF about a missing firearm.

22. PLAINTIFF never saw the firearm in question.

23. PLAINTIFF never touched the firearm in question.

24. PLAINTIFF never possessed the firearm in question.

25. PLAINTIFF never stole the firearm in question.

26. PLAINTIFF did not commit any crime or violate any law.

27. In response to INDIVIDUAL DEFENDANTS' questions, PLAINTIFF denied any wrongdoing.

28. INDIVIDUAL DEFENDANTS yelled at PLAINTIFF.

29. INDIVIDUAL DEFENDANTS spoke to PLAINTIFF in an aggressive tone.

30. The firearm that was allegedly missing was allegedly used in the shooting of three Chicago Police Officers.

31.     PLAINTIFF had no involvement in the shooting of any Chicago Police Officers.

32.     INDIVIDUAL DEFENDANTS verbally threatened PLAINTIFF.

33.     INDIVIDUAL DEFENDANTS told PLAINTIFF that if PLAINTIFF did not admit to stealing the firearm, PLAINTIFF would be charged with the shooting and murder of Chicago Police Officers.

34.     INDIVIDUAL DEFENDANTS lied to PLAINTIFF and told PLAINTIFF that if PLAINTIFF did not admit to stealing the firearm, PLAINTIFF would be charged with the shooting and murder of Chicago Police Officers.

35.     INDIVIDUAL DEFENDANTS knew PLAINTIFF would not be charged with the shooting and murder of Chicago Police Officers.

36.     INDIVIDUAL DEFENDANTS knew that PLAINTIFF was not involved in the shooting and murder of Chicago Police Officers.

37.     INDIVIDUAL DEFENDANTS knew that there was no evidence linking PLAINTIFF to the shooting and murder of Chicago Police Officers.

38.     DEFENDANT REYES told PLAINTIFF, "I don't know why you're looking at your watch. You're not going anywhere."

39.     After nearly eight hours in a locked room at the Cook County Sheriff's Department, PLAINTIFF allegedly made an oral statement implicating himself in the theft of the firearm.

40.     PLAINTIFF had nothing to do with the theft of the firearm.

41.     PLAINTIFF allegedly made an oral statement implicating himself in the theft of the firearm because PLAINTIFF was threatened and coerced by INDIVIDUAL DEFENDANTS.

42. PLAINTIFF allegedly made an oral statement implicating himself in the theft of the firearm because PLAINTIFF was locked in a room for nearly eight hours by INDIVIDUAL DEFENDANTS.

43. PLAINTIFF'S alleged incriminating statements were involuntary.

44. INDIVIDUAL DEFENDANTS coerced PLAINTIFF into making a false confession by, *inter alia*, locking PLAINTIFF in a windowless, 10 foot by 12 foot room for eight hours, handcuffing PLAINTIFF, yelling at PLAINTIFF, and telling PLAINTIFF that he was going to be charged with the shooting and murder of Chicago Police Officers.

45. After PLAINTIFF allegedly made an oral statement implicating himself in the theft of the firearm, INDIVIDUAL DEFENDANTS placed PLAINTIFF in lockup.

46. INDIVIDUAL DEFENDANTS knew that PLAINTIFF'S alleged inculpatory statement was false and coerced.

47. INDIVIDUAL DEFENDANTS generated false official reports regarding PLAINTIFF'S false and coerced inculpatory statement.

48. INDIVIDUAL DEFENDANTS fabricated evidence against PLAINTIFF.

49. INDIVIDUAL DEFENDANTS communicated with Assistant State's Attorney(s) regarding PLAINTIFF'S false and coerced inculpatory statement.

50. INDIVIDUAL DEFENDANTS communicated with Assistant State's Attorney(s) regarding the fabricated evidence.

51. INDIVIDUAL DEFENDANTS' communications with Assistant State's Attorney(s) regarding PLAINTIFF'S false and coerced inculpatory statement proximately caused the criminal prosecution of PLAINTIFF.

52.    INDIVIDUAL DEFENDANTS' fabrication of evidence and communications with Assistant State's Attorney(s) proximately caused the criminal prosecution of PLAINTIFF.

53.    INDIVIDUAL DEFENDANTS' communication with Assistant State's Attorney(s) regarding PLAINTIFF'S false and coerced inculpatory statement proximately caused the post-arrest, pretrial detention of PLAINTIFF.

54.    INDIVIDUAL DEFENDANTS' fabrication of evidence and communications with Assistant State's Attorney(s) proximately caused the post-arrest, pretrial detention of PLAINTIFF.

55.    PLAINTIFF was in custody awaiting trial from May 11, 2016 to September 2016.

56.    PLAINTIFF'S pretrial detention lasted from May 11, 2016 to September 2016.

57.    PLAINTIFF'S post-arrest, pretrial detention was absent probable cause.

58.    One or more of the INDIVIDUAL DEFENDANTS testified before a grand jury in PLAINTIFF'S criminal case.

59.    One or more of the INDIVIDUAL DEFENDANTS testified before a grand jury regarding PLAINTIFF'S false and coerced inculpatory statement.

60.    One or more of the INDIVIDUAL DEFENDANTS testified before a grand jury regarding the fabricated evidence against PLAINTIFF.

61.    The testimony of one or more of the INDIVIDUAL DEFENDANTS before a grand jury proximately caused the continued prosecution and detention of PLAINTIFF absent probable cause.

62.    As a direct and proximate result of the testimony of one or more of the INDIVIDUAL DEFENDANTS before a grand jury, PLAINTIFF was indicted.

63.    Prior to trial, INDIVIDUAL DEFENDANTS communicated with Assistant State's Attorney(s) regarding PLAINTIFF'S false and coerced inculpatory statement.

6

64. Prior to trial, INDIVIDUAL DEFENDANTS communicated with Assistant State's Attorney(s) regarding the fabricated evidence against PLAINTIFF.

65. At PLAINTIFF'S criminal trial, INDIVIDUAL DEFENDANTS testified regarding PLAINTIFF'S false and coerced inculpatory statement.

66. At PLAINTIFF'S criminal trial, INDIVIDUAL DEFENDANTS testified regarding the fabricated evidence against PLAINTIFF.

67. Following a bench trial, PLAINTIFF was found guilty of residential burglary and theft and sentenced to a term of 12 years' imprisonment.

68. PLAINTIFF did not commit residential burglary and theft.

69. But for the INDIVIDUAL DEFENDANTS' testimony regarding PLAINTIFF'S false and coerced inculpatory statement, PLAINTIFF would not have been convicted of residential burglary and theft.

70. But for the INDIVIDUAL DEFENDANTS' testimony regarding the fabricated evidence, PLAINTIFF would not have been convicted of residential burglary and theft.

71. But for INDIVIDUAL DEFENDANTS' testimony regarding PLAINTIFF'S false and coerced inculpatory statement, PLAINTIFF would not have been sentenced to 12 years' imprisonment.

72. But for INDIVIDUAL DEFENDANTS' testimony regarding the fabricated evidence, PLAINTIFF would not have been sentenced to 12 years' imprisonment.

73. But for INDIVIDUAL DEFENDANTS' testimony regarding PLAINTIFF'S false and coerced inculpatory statement, PLAINTIFF would not have spent over three years in custody.

74. But for INDIVIDUAL DEFENDANTS' testimony regarding the fabricated evidence, PLAINTIFF would not have spent over three years in custody.

75. PLAINTIFF was in custody following trial from September 2016 to December 28, 2019.

76. PLAINTIFF'S post-trial detention lasted from September 2016 to December 28, 2019.

77. PLAINTIFF'S post-trial detention was absent probable cause.

78. PLAINTIFF was released from prison on December 28, 2019.

79. PLAINTIFF was on house arrest from December 28, 2019 to May 28, 2020.

80. PLAINTIFF'S house arrest ended on May 28, 2020.

81. PLAINTIFF was in custody and/or on house arrest from May 11, 2016 to May 28, 2020.

82. PLAINTIFF was in custody and/or on house arrest for over four years.

83. PLAINTIFF was in custody and/or on house arrest for over four years for a crime he did not commit.

84. PLAINTIFF was in custody and/or on house arrest for over four years absent probable cause.

85. PLAINTIFF was in custody and/or on house arrest for over four years as a direct and proximate result of the unlawful actions of INDIVIDUAL DEFENDANTS.

86. On September 26, 2019, the Illinois First District Appellate Court vacated PLAINTIFF'S conviction and sentence.

87. PLAINTIFF'S criminal case was subsequently dismissed.

88. PLAINTIFF'S criminal case was terminated in a manner indicative of PLAINTIFF'S innocence.

## COUNT I
### Fourth Amendment Unlawful Seizure Pursuant to 42 U.S.C. § 1983
**(INDIVIDUAL DEFENDANTS)**

89.     PLAINTIFF realleges paragraphs 1-88 set forth above.

90.     INDIVIDUAL DEFENDANTS violated PLAINTIFF'S clearly established constitutional right to be free from unlawful searches and seizures.

91.     The conduct of INDIVIDUAL DEFENDANTS alleged above violated the Fourth Amendment to the United States Constitution.

92.     The aforementioned actions of INDIVIDUAL DEFENDANTS were the direct and proximate cause of the constitutional violations set forth above, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against INDIVIDUAL DEFENDANTS, and award compensatory damages, punitive damages, court costs, attorneys' fees, and such other relief that this Honorable Court deems just and equitable.

## COUNT II
### Fourth Amendment *Manuel* Claim Pursuant to 42 U.S.C. § 1983
**(INDIVIDUAL DEFENDANTS)**

93.     PLAINTIFF realleges paragraphs 1-88 set forth above.

94.     INDIVIDUAL DEFENDANTS fabricated evidence against PLAINTIFF.

95.     The fabricated evidence was the basis for PLAINTIFF'S continued detention.

96.     The fabricated evidence was the basis for the charges brought against PLAINTIFF.

97.     INDIVIDUAL DEFENDANTS testified to the fabricated evidence at PLAINTIFF'S criminal trial.

98.     The fabricated evidence led to the conviction of PLAINTIFF.

99.     From the time INDIVIDUAL DEFENDANTS arrested PLAINTIFF to the overturning of PLAINTIFF'S criminal conviction, PLAINTIFF was detained absent probable cause.

100.    The fabricated evidence proximately caused PLAINTIFF'S detention.

101.    The use of fabricated evidence to detain PLAINTIFF was an unreasonable seizure within the meaning of the Fourth Amendment to the United States Constitution.

102.    The aforementioned actions of INDIVIDUAL DEFENDANTS were the direct and proximate cause of the constitutional violations set forth above, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against INDIVIDUAL DEFENDANTS, and award compensatory damages, punitive damages, court costs, attorneys' fees, and such other relief that this Honorable Court deems just and equitable.

## COUNT III
### Fifth and Fourteenth Amendment Coerced Confession Claim Pursuant to 42 U.S.C. § 1983
### (INDIVIDUAL DEFENDANTS)

103.    PLAINTIFF realleges paragraphs 1-88 set forth above.

104.    INDIVIDUAL DEFENDANTS unlawfully coerced PLAINTIFF into making a false confession.

105.    INDIVIDUAL DEFENDANTS used PLAINTIFF'S false and coerced confession to initiate and continue criminal proceedings against PLAINTIFF.

106.    PLAINTIFF'S false and coerced confession was offered as evidence against PLAINTIFF at PLAINTIFF'S criminal trial.

107. PLAINTIFF'S false and coerced confession proximately caused the criminal conviction of PLAINTIFF.

108. The acts of INDIVIDUAL DEFENDANTS in coercing PLAINTIFF into making a false confession and the use of said false confession at PLAINTIFF'S criminal trial violated the Fifth and Fourteenth Amendments to the United States Constitution.

109. The aforementioned actions of INDIVIDUAL DEFENDANTS were the direct and proximate cause of the constitutional violations set forth above, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against INDIVIDUAL DEFENDANTS, and award compensatory damages, punitive damages, court costs, attorneys' fees, and such other relief that this Honorable Court deems just and equitable.

**COUNT IV**
**Fourteenth Amendment Fabrication of Evidence Pursuant to 42 U.S.C. § 1983**

110. PLAINTIFF realleges paragraphs 1-88 set forth above.

111. INDIVIDUAL DEFENDANTS fabricated evidence against PLAINTIFF.

112. The fabricated evidence with the basis for PLAINTIFF'S criminal prosecution.

113. The fabricated evidence was the basis for PLAINTIFF'S continued detention.

114. INDIVIDUAL DEFENDANTS testified to the fabricated evidence at PLAINTIFF'S criminal trial.

115. The fabricated evidence proximately caused PLAINTIFF'S criminal conviction.

116. The use of the fabricated evidence throughout the criminal proceedings deprived PLAINTIFF of his Fourteenth Amendment right to be free from deprivation of liberty without due process.

117. The aforementioned actions of INDIVIDUAL DEFENDANTS were the direct and proximate cause of the constitutional violations set forth above, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against INDIVIDUAL DEFENDANTS, and award compensatory damages, punitive damages, court costs, attorneys' fees, and such other relief that this Honorable Court deems just and equitable.

**COUNT V**
**Conspiracy Claim Pursuant to 42 U.S.C. § 1983**
**(INDIVIDUAL DEFENDANTS)**

118. PLAINTIFF realleges paragraphs 1-117 set forth above.

119. INDIVIDUAL DEFENDANTS conspired and acted together to cause damage to PLAINTIFF by the following actions:

    a. Agreeing to detain PLAINTIFF without reasonable suspicion to believe that he had committed, was committing, or was about to commit any criminal act;

    b. Agreeing to arrest PLAINTIFF without probable cause;

    c. Agreeing to coerce PLAINTIFF into making a false confession;

    d. Agreeing to fabricate evidence against PLAINTIFF; and

    e. Agreeing to falsely file criminal charges and initiate and continue criminal proceedings against PLAINTIFF that led to a deprivation of PLAINTIFF'S liberty.

120. INDIVIDUAL DEFENDANTS conspired and acted together to cover up the aforementioned actions by generating false and/or incomplete official reports.

121.    The aforementioned actions of INDIVIDUAL DEFENDANTS were the direct and proximate cause of the constitutional violations set forth above, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against INDIVIDUAL DEFENDANTS, and award compensatory damages, punitive damages, court costs, attorneys' fees, and such other relief that this Honorable Court deems just and equitable.

**COUNT VI**
**Conspiracy Claim Pursuant to 42 U.S.C. § 1985(3)**
**(INDIVIDUAL DEFENDANTS)**

122.    PLAINTIFF realleges paragraphs 1-121 set forth above.

123.    PLAINTIFF is black.

124.    INDIVIDUAL DEFENDANTS are not black.

125.    INDIVIDUAL DEFENDANTS conspired for the purpose of depriving PLAINTIFF of equal protection of the laws.

126.    Because of PLAINTIFF'S race, INDIVIDUAL DEFENDANTS conspired for the purpose of depriving PLAINTIFF of equal protection of the laws.

127.    INDIVIDUAL DEFENDANTS conspired and acted together to cause damage to PLAINTIFF by the following actions:

    a.  Agreeing to detain PLAINTIFF without reasonable suspicion to believe that he had committed, was committing, or was about to commit any criminal act;

    b.  Agreeing to arrest PLAINTIFF without probable cause;

    c.  Agreeing to coerce PLAINTIFF into making a false confession;

    d.  Agreeing to fabricate evidence against PLAINTIFF; and

e. Agreeing to falsely file criminal charges and initiate and continue criminal proceedings against PLAINTIFF that led to a deprivation of PLAINTIFF'S liberty.

128. INDIVIDUAL DEFENDANTS conspired and acted together to cover up the aforementioned actions by generating false and/or incomplete official reports.

129. The aforementioned actions of INDIVIDUAL DEFENDANTS were the direct and proximate cause of the constitutional violations set forth above, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against INDIVIDUAL DEFENDANTS, and award compensatory damages, punitive damages, court costs, attorneys' fees, and such other relief that this Honorable Court deems just and equitable.

**COUNT VII**
**State Law False Arrest Claim**
**(INDIVIDUAL DEFENDANTS)**

130. PLAINTIFF realleges paragraphs 1-88 set forth above.

131. INDIVIDUAL DEFENDANTS restrained PLAINTIFF without reasonable grounds to believe that PLAINTIFF committed an offense.

132. The aforementioned actions of INDIVIDUAL DEFENDANTS were the direct and proximate cause of the violations of Illinois law set forth above, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against INDIVIDUAL DEFENDANTS, and award

compensatory damages, court costs, and such other relief that this Honorable Court deems just and equitable.

## COUNT VIII
## State Law Malicious Prosecution Claim
### (INDIVIDUAL DEFENDANTS)

133.    PLAINTIFF realleges paragraphs 1-88 set forth above.

134.    INDIVIDUAL DEFENDANTS commenced and/or continued criminal proceedings against PLAINTIFF absent probable cause.

135.    The aforementioned actions of INDIVIDUAL DEFENDANTS were the direct and proximate cause of the violations of Illinois law set forth above, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against INDIVIDUAL DEFENDANTS, and award compensatory damages, court costs, and such other relief that this Honorable Court deems just and equitable.

## COUNT IX
## State Law Conspiracy Claim
### (INDIVIDUAL DEFENDANTS)

136.    PLAINTIFF realleges paragraphs 1-88 and 130-135 set forth above.

137.    INDIVIDUAL DEFENDANTS conspired and acted together to cause damage to PLAINTIFF through the following actions:

   a. Agreeing to detain PLAINTIFF without reasonable suspicion to believe that he had committed, was committing, or was about to commit any criminal act;

   b. Agreeing to arrest PLAINTIFF without probable cause;

   c. Agreeing to coerce PLAINTIFF into making a false confession;

15

d. Agreeing to fabricate evidence against PLAINTIFF; and

e. Agreeing to falsely file criminal charges and initiate and continue criminal proceedings against PLAINTIFF that led to a deprivation of PLAINTIFF'S liberty.

138. INDIVIDUAL DEFENDANTS conspired and acted together to cover up the aforementioned actions by generating false and/or incomplete official reports.

139. The aforementioned actions of INDIVIDUAL DEFENDANTS were the direct and proximate cause of the violations of Illinois law set forth above, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against INDIVIDUAL DEFENDANTS, and award compensatory damages, court costs, and such other relief that this Honorable Court deems just and equitable.

## COUNT X
### *Respondeat Superior*
### (DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART)

140. PLAINTIFF realleges paragraphs 1-88 and 130-139 set forth above.

141. DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART is the employer of INDIVIDUAL DEFENDANTS.

142. The aforesaid acts of INDIVIDUAL DEFENDANTS were committed within the scope of their employment and, therefore, DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE, should INDIVIDUAL DEFENDANTS, in their individual capacities, be found liable for any of the alleged state law counts in this cause, PLAINTIFF demands that, pursuant to the doctrine of *respondeat superior*, DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART pay any judgment obtained against any of the INDIVIDUAL DEFENDANTS.

### COUNT XI
### Indemnification Claim Pursuant to 745 ILCS 10/9-102
### (DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART)

143. PLAINTIFF realleges paragraphs 1-139 set forth above.

144. DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART is the employer of INDIVIDUAL DEFENDANTS alleged above.

145. INDIVIDUAL DEFENDANTS, as alleged above, committed the acts under color of law in the scope of their employment by DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART.

146. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART is liable for any judgments for compensatory damages arising from INDIVIDUAL DEFENDANTS' actions.

WHEREFORE, should INDIVIDUAL DEFENDANTS, in their individual capacities, be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART pay any judgement obtained against any of the INDIVIDUAL DEFENDANTS.

### JURY DEMAND

PLAINTIFF demands trial by jury.

Respectfully Submitted,

*s/Jeffrey C. Grossich*
Attorney for Plaintiff

Blake W. Horwitz, Esq.
Jeffrey C. Grossich, Esq.
The Blake Horwitz Law Firm, Ltd.
111 West Washington Street, Suite 1611
Chicago, Illinois 60602
Phone: (312) 676-2100
Fax: (312) 445-8741

18