IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE CUMMINGS, | |
| Plaintiff, | Case No. 20 C 3753 |
| v. | Magistrate Judge Sunil R. Harjani |
| COOK COUNTY SHERIFF THOMAS J. DART, in his official capacity, DETECTIVE ELLIOT REYES, DETECTIVE DELVIN GRAY, DETECTIVE SERGEANT SAJID HAIDARI, DANIEL KALLMAN KAREN KALLMAN, | |
| Defendants. | |

## **MEMORANDUM OPINION AND ORDER**

In this action, Plaintiff Andre Cummings sued Cook County Sheriff Thomas J. Dart, four Cook County detectives (Elliot Reyes, Delvin Gray, and Sajid Haidari), and a former Lake County Sheriff (Daniel Kallman) and his mother (Karen Kallman) for alleged constitutional and state malicious prosecution and conspiracy violations. Doc. [32]. Currently before the Court is Defendants' Joint Motion to Strike Plaintiff's Late Disclosure. Doc. [78] For the reasons stated below, Defendants' Motion to Strike is denied.

## **Background**

Following a bench trial in September 2016, Cummings was found guilty of residential burglary and theft, and sentenced to a term of 12 years' imprisonment. *Id.* at 7. Cummings was incarcerated for four years before his conviction and sentence were vacated by the Illinois First District Appellate Court. Doc. [32] at 8. In this lawsuit, Cummings alleges that he was charged and convicted of burglary and theft as a result of Daniel Kallman's false statements to the Cook County Sheriff's Office and at his trial. *Id.* at 24.

The facts relevant to the instant motion are as follows. In March 2016, the Chicago Police Department informed Daniel Kallman that his firearm was used in a police shooting. *Id.* at 20. That same month, Daniel Kallman called the Cook County Sheriff's Police Department and reported that his firearm was stolen from his former residence. *Id.* at 20. During the subsequent police investigations, Daniel Kallman and Karen Kallman identified Cummings as an individual who had access to the residence and who allegedly stole the firearm in question. *Id.* at19-26.

Fact discovery in this case closed on December 3, 2021. *See* Doc. [63]. On November 15, 2021, this Court extended the close of fact discovery until December 31, 2021 for the sole purpose of completing three remaining depositions, including the deposition of Daniel Kallman. *See* Doc. [63]. During Kallman's deposition, on December 29, 2021, he provided the name of a friend, Brenden J. Halfpap, who may have had access to the residence and the firearm in question during the relevant time period. Doc. [78] at 2. During the deposition, Plaintiff's counsel conducted a search of public records and located Halfpap's criminal record, which revealed a criminal conviction for burglary. *Id*. The following day, Plaintiff provided a Rule 26(a)(1) supplemental disclosure, identified Halfpap, and produced a copy of Mr. Halfpap's criminal record to Defendants. *Id.* In the current proceeding, Defendants argue that Plaintiff's supplemental disclosure was untimely and should be stricken.

## Discussion

Rule 26 of the Federal Rules of Civil Procedure requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the

information disclosed, or the response is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). To ensure compliance with these discovery requirements, Rule 37 provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); *see also David v. Caterpillar, Inc.,* 324 F.3d 851, 856–57 (7th Cir. 2003). The issue here is whether Plaintiff failed to timely comply with its Rule 26 obligation to supplement or amend its disclosures. *See* Fed. R. Civ. P. 26(e)(1).

Supplementing discovery responses is an important component of the discovery process. It ensures that all information within a party's possession, custody, or control is disclosed throughout the discovery process, and not simply when requested by the opposing party. A party, upon learning information that is responsive to a discovery obligation, must timely submit a disclosure in furthering the ultimate goal of ensuring a trial on the merits of the case. Significantly, the duty to supplement does not cease to exist because information is learned at the end of discovery. However, a party cannot also hold back information and supplement at the end of discovery such that it would cause prejudice to the opposing party. As the Seventh Circuit has stated: "Parties who do not attend diligently to their obligation to supplement initial disclosures proceed at their own peril. Banking on principles of harmless error to excuse negligence is risky business." *Morris v BNSF Railway Co.*, 969 F.3d 753, 766 (7th Cir. 2020).

Defendants argue that Plaintiff's disclosure was untimely because Halfpap was identified twenty-seven days after the close of discovery. Doc. [78] at 4. They claim that if Plaintiff had not rescheduled Daniel Kallman's deposition twice, Plaintiff would have learned about Halfpap sooner

3

and would have timely disclosed him. Doc. [78] at 4-5. To begin, there is no evidence that Plaintiff rescheduled Kallman's deposition to cause delay or acted in bad faith. In fact, on one occasion the deposition was rescheduled to accommodate Defendants' counsel. Doc. [81] at 8. Taking it further, Defendants' argument is without merit because "the obligation to supplement disclosures and discovery responses applies whenever a party *learns* that its prior disclosures or responses are in some material respect incomplete or incorrect." Fed. R. Civ. P. 26(e), Advisory Committee's Note to 1993 Amendment (emphasis added). Here, Halfpap's identity was made known to Plaintiff for the first time during Kallman's deposition, and he produced supplemental disclosures by email to Defendants the very next day. Plaintiff did not know about Halfpap prior to that date, and thus there was nothing to supplement under Rule 26(e) prior to the deposition. Thus, the disclosure was not untimely.

      The Court recognizes that Defendant Kallman testified that he was speculating during the deposition about who else had access to his bedroom during the deposition, at the urging of Plaintiff's counsel. Doc.[90] at 122-127. To sum it up, Plaintiff's counsel was seeking "[p]eople that you think you would call because you would want them to help you move." Doc. [90] at 128. The deposition transcript demonstrates that Defendant Kallman testified that he does not actually recall whether Halfpap had helped him move such that he would have access to his bedroom and the firearm. Thus, the Court finds no fault with Defendant Kallman in not providing Halfap's identity in any prior discovery response. Nevertheless, whether Halfpap is an individual who really has discoverable information under Rule 26(a)(1) is a question that is not at issue here. The Court acknowledges that Plaintiff's counsel believed that Defendant Kallman was not being forthcoming during his deposition, and thus he sought to find additional ways to obtain information from him. Once *Plaintiff* believed that Halfpap was likely to have discoverable information, *i.e.*

4

as a potential culprit with access to the firearm and a prior burglary conviction, he disclosed it to Defendants. The Court finds no fault with that procedure.

Neither party has raised this issue, but the Court notes that Plaintiff was not required to issue a supplemental disclosure when he learned of Halfpap because it occurred during a deposition where all parties were present. *See* Fed. R. Civ. P. 26(e) Advisory Committee's Note to 1993 amendment ("There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition[.]"); *Buffone v. Rosebud Restaurants, Inc.,* No. 05 CV 5551, 2006 WL 2425327, at *3 (N.D. Ill. Aug. 21, 2006) ("This court has repeatedly held that parties need not supplement Rule 26(a)(1) disclosure of a witness, if the witness is identified during deposition."). But the Court understands that counsel may seek to issue a Rule 26(e) supplemental disclosure out of abundance of caution to avoid later litigation over the obligation to disclose and the potential that the witness may be stricken. *See* Fed. R. Civ. P. 37(c)(1).

In sum, Plaintiff's swift disclosure cannot be a failure to supplement since Halfpap and his records were not in Plaintiff's possession, custody, or control prior to Kallman's deposition. Thus, there is no violation of Rule 26. Nor can there be prejudice to Defendant Kallman as the information was within his control, even if it constituted speculation on his part.

For their part, Defendants Reyes, Gray, Haidari, and Dart ("Cook County detectives") argue that they were prejudiced by Plaintiff's disclosure because they had no notice of Halfpap's existence prior to Defendant Kallman's deposition. Doc. [78] at 4. As stated earlier, Plaintiff did not violate Rule 26, but even if the disclosure was untimely, the prejudice to the other defendants can be easily cured. In determining whether a Rule 26 violation is harmless, a court considers four

5

factors as laid out by the Seventh Circuit in *David*: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption of the trial and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *See David,* 324 F.3d at 857; *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012).

Applying the first *David* factor, the Cook County detectives suffered prejudice because Halfpap was disclosed twenty-seven days after the close of fact discovery, and as such, they were denied the opportunity to take his deposition. *King v. Ford Motor Co.,* 872 F.3d 833, 838 (7th Cir. 2017) ("[T]here is obvious prejudice in failing to disclose . . . a witness during discovery, as that prevented [defendant] from deposing [the witness] and conducting any appropriate follow-up discovery, so the violation was not harmless"); *Jokich v. Rush University Medical Center*, 2020 WL 2098060, at *4 (N.D. Ill. May 1, 2020) (finding prejudice where plaintiff's late disclosures three days before the close of discovery "effectively prevented [defendant] from taking discovery during the previously-set discovery period on the new witnesses and information provided"); *Johnson v. Statewide Investigative Servs., Inc.,* No. 20 C 1514, 2021 WL 825653, at *12 (N.D. Ill. Mar. 4, 2021) ("Plaintiff suffered prejudice from receiving the witness names on the last day of fact discovery."). Even though the disclosure was not technically late, it occurred near the final deadline for the remaining depositions and impacted defendants other than Defendant Kallman. Thus, there is prejudice to the Cook County defendants from being deprived of the ability to depose Halpap.

The second and third factors -- ability to cure prejudice and delay in trial -- however, weigh heavily in favor of a limited re-opening of discovery rather than striking the disclosure. No trial has been set in this case, dispositive motions have yet to be filed, and expert discovery is stayed

pending the current settlement discussions. Furthermore, although none of the parties here seek additional time to depose Halfpap, the Court has the discretion to cure any prejudice to the Cook County detectives by reopening discovery for this limited purpose. *Johnson v. Statewide Investigative Servs., Inc.,* No. 20 C 1514, 2021 WL 825653, at *13 (N.D. Ill. Mar. 4, 2021) ("The prejudice to [p]laintiff can be easily remedied by affording [p]laintiff the time necessary to depose the newly disclosed witnesses."); *Doe 1 v. City of Chicago*, No. 18-CV-3054, 2019 WL 5290899, at *9 (N.D. Ill. Oct. 18, 2019) (Because no trial date is in place, and summary judgment briefing has not yet commenced, the Court can reopen discovery[.]"); *Rivera v. United Parcel Serv.,* 325 F.R.D. 542, 547 (S.D.N.Y. 2018) (reopening discovery rather than precluding testimony of witnesses disclosed on the last day of fact discovery where "no summary judgment schedule has been ordered, and no trial date has been set."). Finally, the fourth factor -- bad faith or willfulness -- also weighs against striking the disclosure. Plaintiff disclosed the newly learned information to Defendants the following day after learning about it. Thus, the Court finds no evidence of bad faith. The proper resolution and exercise of discretion here is to permit Defendants to depose Halfpap, if they so desire. The Court certainly understands, however, that Defendants may choose not to given the nature of the testimony that was elicited during the deposition.

**Conclusion**

For these reasons, Defendants' Motion to Strike [78] is denied. Defendant Cook County detectives are given leave to take the deposition of Brenden J. Halfpap on or before March 15, 2022, if they so desire. All other fact discovery remains closed.

**SO ORDERED.**

Dated: February 15, 2022

_____
Sunil R. Harjani
United States Magistrate Judge